Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| JOSÉ LUIS RAMOS<br><br>Recurrido<br><br>v.<br><br>LUZ RODRÍGUEZ TOSADO; CHRISTIAN HERNÁNDEZ<br><br>Peticionarios | KLCE202500463 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de HATILLO<br><br>Caso Núm.:<br>ARL1212025-02777<br><br>Sobre:<br>Ley 121 (Ley de la Carta de Derechos y la Política Pública del Gobierno a favor de los Adultos Mayores – Ley Núm. 121-2019) |

Panel integrado por su presidente el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Mateu Meléndez, Jueza Ponente.

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 30 de junio de 2025.

El 28 de abril del año en curso, la Sra. Luz Rodríguez Tosado y su esposo, el Sr. Christian Hernández Rivera (en adelante, la parte peticionaria) presentaron ante este Tribunal de Apelaciones una *Apelación* mediante la cual solicitan la revocación de la *Orden de Protección Para el Adulto Mayor* emitida en su contra por el Tribunal de Primera Instancia, Sala Municipal de Hatillo (en adelante, TPI o foro primario) en el caso de epígrafe y a favor de José Luis Ramos (en adelante, señor Ramos o recurrido).

Por los fundamentos que más adelante esbozamos, **denegamos** la expedición del auto de *certiorari* solicitado. *Veamos*.

I.

Según surge del legajo apelativo, el 25 de marzo de 2025, la parte peticionaria presentó una *Querella* ante la Policía de Puerto Rico en la cual indicó lo siguiente:

En fecha del 16 de marzo del 2025, hora 14:00 pm. Alega la querellante que su vecino le tomó varias fotos a ella y a sus hijos que se encontraban disfrutando de un cumpleaños. Se entrevistó al vecino quien resultó señor José Luis Ramos de 81. Quien manifestó que si, el salió con el celular en mano pero no había tomado fotos ya que ellos tienen una vista para el 31 de marzo de 2025, en hora de la mañana por problemas de colindancia. Ambas partes fueron orientadas.

Dos días después, la parte peticionaria presentó otra *Querella* ante la Policía de Puerto Rico. Allí, informó que, *en fecha del 04 de marzo de 2025 hora 6:34pm informa el querellante que alguien el cual se desconoce le causó daño a los tubos de una carpa en su residencia.*

Así las cosas, el señor Ramos acudió al Tribunal de Primera Instancia, Sala Municipal de Hatillo mediante una *Petición de Orden de Protección para el Adulto Mayor*.[1] Celebrada la vista evidenciaria, el 31 de marzo de 2025, en corte abierta, el foro primario declaró Ha Lugar la solicitud de orden de protección. Inmediatamente, la parte peticionaria solicitó reconsideración de esta decisión. A tales efectos, señaló que, las alegaciones del señor Ramos no eran coherentes con su testimonio, ni con las querellas previamente presentadas ante la Policía de Puerto Rico. Asimismo, sostuvo que la parte peticionaria nunca tuvo un incidente con sus vecinos y nunca se comunicó con el recurrido. Tras escuchar estos argumentos, el foro primario denegó la reconsideración.

Así pues, y en virtud de lo anterior, el foro primario emitió la *Orden de Protección Para el Adulto Mayor* de la cual se está recurriendo. Al hacerlo, realizó las siguientes determinaciones de hechos:

El peticionario no conoce a los peticionados. Los conoce solo de vista. Son vecinos inmediatos en las Parcelas Camuy Arriba de Camuy. En marzo de 2025, un lunes segunda semana de marzo. Como a las 7:00 pm la peticionada Luz Rodríguez fue frente al portón de la residencia del peticionario. Le dijo que él era un cabrón e hijo de puta. Lo acusó de romperle una carpa. El esposo de la peticionada también lo insultó y lo amenazó de darle una carga y amenazarlo. Se expide orden de protección por el término de 1 año.

---

[1] La petición se sometió al amparo de la Ley Núm. 121-2019 intitulada *Carta de Derechos y la Política Pública del Gobierno a Favor de los Adultos Mayores*, según enmendada, 8 LPRA sec. 1511, *et seq.* (Ley Núm. 121-2019).

En virtud de las determinaciones de hechos formuladas, el foro primario ordenó a la parte peticionaria a abstenerse de molestar, hostigar, perseguir, intimidar, amenazar o de cualquier otra forma interferir con el ejercicio de los derechos que por disposición de la Ley 121-2019, *supra,* se le reconocen al señor Ramos. A su vez, le ordenó a abstenerse de acercarse o penetrar en cualquier lugar donde se encuentre el señor Ramos o estar en sus alrededores. Por último, prohibió a la parte peticionaria comunicarse con el recurrido por cualquier medio ya fuera escrito, telefónico, electrónico o cualquier otro método de comunicación; por si misma o a través de terceras personas. El tribunal determinó que la orden emitida estaría vigente desde 31 de marzo de 2025 hasta el 31 de marzo de 2026.

En desacuerdo aún, la parte peticionaria recurrió ante este foro revisor a través del recurso de título y adujo que el foro primario se equivocó en lo siguiente:

> […] al abusar de su discreción al emitir la Orden de Protección al amparo de la Ley núm. 121 de 2019, a favor del peticionario, cuando de los autos del caso surge prueba clara y contundente que desmiente su versión de los hechos.

> […] al ignorar el testimonio ofrecido por los peticionados y su testigo, así como la prueba documental y fotográfica presentada, particularmente las querellas radicadas ante la Policía de Puerto Rico, las cuales evidenciaban incongruencias significativas en el relato del peticionario.

> […] al expedir la orden sin valorar adecuadamente la totalidad del cuadro probatorio, el Tribunal de Primera Instancia actuó de manera arbitraria e irrazonable, en contravención de los principios que rigen la sana discreción judicial.

En la misma fecha, la parte peticionaria presentó una *Solicitud de Término para Someter la Transcripción y Alegato Suplementario* en la cual indicó que solicitó la regrabación de los procedimientos de la vista celebraba el 31 de marzo de 2025. Ello así, toda vez que algunos de sus errores cuestionaban la apreciación de la prueba testifical efectuada por el TPI. En cumplimiento con esto, el 6 de junio del año en curso, la parte peticionaria presentó la transcripción de la prueba oral desfilada en la vista.

El recurrido no ha comparecido, pese a dársele oportunidad para ello. Así pues, damos por sometido el asunto sin el beneficio de su comparecencia y procedemos a resolver.

II.

*A.*

El vehículo procesal de *certiorari* permite a un tribunal de mayor jerarquía a revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. Rivera et al. v. Arcos Dorados et al., 212 DPR 194, 195 (2023) al citar a McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021) y otros.  La característica distintiva del recurso de certiorari descansa en la discreción encomendada a este Tribunal de Apelaciones para autorizar su expedición y adjudicar sus méritos. *Íd*. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". BPPR v. SLG Gómez-López, 213 DPR 314 (2023) y casos allí citados. Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd*.

Ahora bien, en los procesos civiles, los preceptos que regulan la expedición de un auto de *certiorari* se encuentran en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. Rivera et al. v. Arcos Dorados et al., *supra,* a las págs. 207-208.  La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo." Asimismo, y a manera de excepción, se podrá expedir este auto discrecional cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos

revestidos de interés público o en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia." *Íd*.

El examen de estos autos discrecionales no se da en el vacío o en ausencia de otros parámetros. <u>800 Ponce de León v. AIG</u>, 205 DPR 163 (2020). Para ello, la Regla 40 de nuestro Reglamento establece ciertos indicadores a tomar en consideración al evaluar si se debe o no expedir un recurso de *certiorari*. Estos son:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan 40un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[2]

Los criterios previamente transcritos pautan el ejercicio sabio y prudente de la facultad discrecional judicial. <u>Mun. de Caguas v. JRO Construction</u>, 201 DPR 703, 712 (2019).

*B.*

El Art. 2 de la Ley Núm. 121-2019 intitulada *Carta de Derechos y la Política Pública del Gobierno a Favor de los Adultos Mayores*, según enmendada, 8 LPRA sec. 1511, *et seq*. (Ley Núm. 121-2019) reconoce la responsabilidad del Estado de mejorar las condiciones de vida de la población de adultos mayores y garantizar el bienestar de éstos. Del mismo modo, mediante este

---

[2] Reglamento del Tribunal de Apelaciones, según enmenda, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR ____ (2025).

estatuto se refuerza la responsabilidad del Estado en preservar la integridad física y emocional de los adultos mayores,[3] a los fines de fortalecer y hacer cumplir la política pública dirigida hacia esta población, mediante los preceptos establecidos en esta Ley. 8 LPRA sec. 1512. *Íd*.

El Art. 7 de la Ley Núm. 121-2019, dispone que, el Departamento de la Familia tendrá facultad para intervenir en todas las situaciones de maltrato, maltrato institucional, maltrato por negligencia y maltrato por negligencia institucional, en las que se le refiera una situación de maltrato contra un adulto mayor. En virtud de dicho Artículo, el Departamento de la Familia será responsable de la prevención, identificación, investigación, supervisión protectora y tratamiento social de todo adulto mayor que sea víctima de maltrato, maltrato institucional, maltrato por negligencia y/o maltrato por negligencia institucional, y de su familia, incluyendo el incoar y presentar acciones legales pertinentes en los tribunales. De igual forma, será el ente central en el aseguramiento del cumplimiento de la nueva legislación, con el apoyo y cooperación de las agencias e instrumentalidades del Gobierno.[4]

De esta manera, una vez el Departamento de la Familia y la Oficina del Procurador de las Personas de Edad Avanzada adviene en conocimiento o sospecha que una persona adulta mayor pudiera ser víctima de maltrato,[5] informará inmediatamente de tal hecho al Negociado de la Policía de Puerto Rico. Tendrá pues el deber de colaborar y trabajar en coordinación con el Negociado de la Policía de Puerto Rico sobre tal referido para que se tomen las acciones pertinentes en pro del bienestar y la seguridad de la persona adulta mayor.[6]

---

[3] El Art. 3 Ley Núm. 121-2019 define adulto mayor como la persona de sesenta (60) años o más de edad. 8 LPRA sec. 1513.

[4] 8 LPRA sec. 1517 1518.

[5] Ya sea maltrato institucional, maltrato por negligencia o maltrato por negligencia institucional.

[6] 8 LPRA sec. 1529.

Cónsono con lo anterior, la Ley 121-2019 provee para que cualquier persona adulta mayor que haya sido víctima de cualesquiera tipos de abandono o maltrato, según definidos por ella, así como de conducta constitutiva de delito según tipificado en el Código Penal de Puerto Rico u otra ley especial, pueda solicitar una orden de protección ante los tribunales.[7] Entonces, cuando el tribunal determine que existen motivos suficientes para creer que la parte peticionaria ha sido víctima de maltrato físico, mental o psicológico, hostigamiento, coacción, intimidación, daño emocional o cualquier otro delito, podrá emitir una orden de protección ex parte o a solicitud de parte interesada. Dicha orden podrá incluir, el ordenarle a la parte peticionada, entre otras cosas: (1) que se abstenga de molestar, hostigar, perseguir, intimidar, amenazar o de cualquier otra forma interferir con el ejercicio de los derechos que el discutido estatuto reconoce; (2) que se abstenga de acercarse o penetrar en cualquier lugar donde se encuentre la parte peticionaria; (3) cualquier otra orden necesaria para dar cumplimiento a los propósitos y política pública de la ley. *Íd.*

### C.

Es una norma firmemente establecida que, ante la ausencia de error manifiesto, prejuicio, parcialidad o pasión, no se favorece la intervención de los tribunales apelativos en la apreciación de la prueba, la adjudicación de credibilidad o las determinaciones de hechos formuladas por el Tribunal de Primera Instancia. Peña Rivera v. Pacheco Caraballo, 213 DPR 1009, 1011 (2024).

Esta deferencia judicial, está predicada en que los jueces de las salas de instancias están en mejor posición de aquilatar la prueba testifical debido a que estos tienen la oportunidad de oír, ver y apreciar el comportamiento del testigo. *Íd.*, al mencionar a Ortiz Ortiz v. Medtronic, 209 DPR 759, 778 (2022) y otros. La deferencia debida a los foros primarios se extiende tanto

---

[7] 8 LPRA sec. 1519.

a la adjudicación de credibilidad que éstos realizan sobre los testigos que declaran ante sí, como a las determinaciones de hechos que el juzgador de hechos realiza. Pueblo v. Negrón Ramírez, 2024 TSPR 41, 213 DPR 895, 897, al citar a Pueblo v. Toro Martínez, 200 DPR 834, 836 (2018) y otros. Sin embargo, a modo de excepción, los foros apelativos estamos en las mismas condiciones que el tribunal de instancia para intervenir y apreciar *de novo* la prueba documental que se haya presentado en un juicio. Id., al citar a Díaz García v. Aponte Aponte, 125 DPR 1, 3 (1989).

Es menester señalar que existe error manifiesto cuando el foro apelativo queda convencido de que existe un conflicto entre las conclusiones alcanzadas por el Tribunal de Primera Instancia y el balance más racional, justiciero y jurídico de la totalidad de la evidencia recibida. Entiéndase pues, cuando la apreciación de la prueba se distancia de la realidad fáctica o es inherentemente imposible o increíble. Peña Rivera v. Pacheco Caraballo, *supra* a la pág. 1012. Por su parte, el concepto de pasión, prejuicio y parcialidad han sido definido como aquellas inclinaciones personales de tal intensidad que llevan a un juzgador a actuar movido por éstas y a adoptar posiciones, preferencias o rechazos con respecto a las partes o sus causas, sin admitir cuestionamientos sobre las mismas y sin importar la prueba que se haya presentado en el juicio. Pueblo v. Negrón Ramírez, *supra*, al mencionar a Ortiz Ortiz v. Medtronic, *supra* y demás casos allí citados.

Aparte de lo arriba consignado, un foro apelativo puede intervenir con las determinaciones de hechos y la apreciación de la prueba si se demuestra que este incurrió en un abuso de discreción al apreciar y adjudicarla. A tales efectos, se incurre en abuso de discreción cuando el juez: "(1) ignora sin fundamento algún hecho material importante que no podía pasar por alto; (2) concede demasiado peso a un hecho inmaterial y funda su decisión principalmente en ese hecho irrelevante, o (3) a pesar de

examinar todos los hechos del caso, hace un análisis liviano y la determinación resulta irrazonable".

III.

Por virtud del recurso de epígrafe, la parte peticionaria reclama que el foro primario erró al emitir a favor del recurrido la orden de protección al amparo de la Ley Núm. 121-2019. Indica que de los autos del caso surge prueba clara y contundente que desmiente su versión de los hechos. Además, aduce que el TPI incidió al ignorar los testimonios ofrecidos en la vista evidenciaria, así como la prueba documental y fotográfica allí presentada. Particularmente, señala que el foro primario ignoró las querellas que presentó ante la Policía de Puerto Rico, las cuales evidenciaban incongruencias significativas en el relato del señor Ramos. Finalmente, señala que el foro primario actuó de manera arbitraria e irrazonable, en contravención de los principios que rigen la sana discreción judicial.

El Artículo 10 de la Ley 121-2019, 8 LPRA Sec. 1520, establece que toda orden de protección emitida al amparo del estatuto podrá ser revisada en cualquier sala de superior jerarquía. Precisamente, al amparo de esta disposición, la parte peticionaria ha acudido ante nos.

Al estudiar el legajo apelativo, conocemos que, en el presente caso, luego de haber citado a las partes a una vista y recibido prueba testifical y documental, el foro primario estimo necesario dictar una orden de protección en favor del señor Ramos. Esta orden, descansó en la credibilidad que el juzgador de los hechos concedió a los testimonios recibidos. Hemos examinado los documentos que constan en el legajo apelativo, así como la transcripción de la prueba oral sometida por la parte peticionaria. Así hecho, no encontramos razón por la cual debamos intervenir con la credibilidad que el TPI le atribuyó a la prueba, si con su apreciación de la prueba.

Por consiguiente, no identificamos presente alguno de los factores que la Regla 40 de nuestro Reglamento enuncia para determinar la expedición del auto discrecional del *certiorari*. A nuestro juicio, la decisión recurrida no es contraria a derecho, en esta no ha mediado prejuicio ni parcialidad por parte del TPI. Tampoco nos parece que el foro primario haya abusado de su discreción. Al ser así, merece nuestro respeto.

IV.

Por todo lo antes consignado, denegamos expedir el auto de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones